January 12, 1976.

C. A. No. 75-54. STATE *v.* BRUCE LEONARDO. This matter comes before the court on a motion of the Public Defender to withdraw as counsel for the defendant because he "found no viable issues for appeal to this court."

The issue raised in this motion was answered very well by the United States Supreme Court in *Anders* v. *California,* 386 U. S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493, 498 (1967).

> "The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of *amicus curiae.* The no-merit letter and the procedure it triggers do not reach that dignity. Counsel should, and can with honor and without conflict, be of more assistance to his client and to the court. His role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court —not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal."

Accordingly, the Public Defender is ordered to file a brief within 40 days of this order "referring to anything in the record

that might arguably support the appeal." A copy of that brief must be furnished to the defendant and the defendant is given 20 days after receipt of the brief to file a memorandum setting forth any points that he chooses to raise. This court will then proceed as set forth in *Anders* v. *California, supra. Julius C. Michaelson,* Attorney General, *Judith Romney Wegner,* Special Asst. Attorney General, for plaintiff. *William F. Reilly,* Public Defender, *Bruce O. Pollock,* Asst. Public Defender, for defendant.